**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Owner-Operator Independent Driver
Association, Inc., Joseph Rajkovacz,
Carl Schaefer, and Carl Schaefer LLC,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

v.

SUPERVALU, Inc.,

        Defendant.

Civil No.: 05-2809 (JRT/JJG)

**REPORT AND RECOMMENDATION**

JEANNE J. GRAHAM, United States Magistrate Judge

      Before the Court is Plaintiffs' Motion to Strike Defendant's Eighth Defense (Doc. No. 19). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons stated herein, the undersigned recommends Plaintiffs' motion be denied.

**I.**     **Introduction**

      This action for declaratory judgment and restitution is brought by Owner-Operator Independent Drivers Association, two individual truck drivers, Joseph Rajkovacz and Carl Schaefer, and Carl Schaefer LLC. Plaintiffs recently requested class certification, and their motion is pending before the Honorable John R. Tunheim, United States District Judge, District of Minnesota. Defendant SUPERVALU, Inc. ("Supervalu") is an operator of retail stores and a supplier to retail grocers. Supervalu operates approximately twenty-five distribution centers in the United States that both receive and ship goods. Plaintiffs allege Supervalu illegally enriched itself by improperly shifting "lumping" costs to truck drivers and

illegally coercing drivers to hire "lumpers" in violation of 49 U.S.C. §14103. "Lumping" is the term used in the trucking industry to refer to an individual who, for a fee, assists in the loading or unloading of a truck or trailer. Plaintiffs claim Supervalu required the delivery of goods on shipping pallets that were too heavy for the drivers to safely unload with the hand-jack Supervalu provided at its distribution centers. Plaintiffs allege Defendant's conduct coerced the use of "lumpers" at Plaintiffs' expense. Plaintiffs also allege Supervalu required truck drivers to carry and to document insurance over and above that which was required by law. Plaintiffs seek to enjoin Supervalu's coercive conduct and a disgorgement of Supervalu's allegedly ill-gotten profits.

SuperValu denies that it has violated any statutes or engaged in any illegal conduct. Supervalu states it does not require drivers to utilize lumping services, and asserts its insurance requirements are commercially reasonable. Supervalu filed a counterclaim seeking declaratory judgment in its favor. Through the instant motion, Plaintiffs seek an order from the Court striking Defendant's Eighth Defense.[1]

**II.   Discussion**

Federal Rule of Civil Procedure 12(f) governs the striking of pleadings. Rule 12 states:

[T]he court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed.R.Civ.P. 12(f). "Striking a party's pleadings is an extreme measure" and "motions to strike under [Rule 12(f)] are viewed with disfavor and are infrequently granted." *Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir.2000) (reversing the district court's striking of irrelevant pleadings) (citations

---

[1] Plaintiffs' motion was untimely filed. However, the Court previously determined it would exercise its discretion pursuant to Federal Rule of Civil Procedure 12(f), and granted Plaintiffs' request to file the instant out-of-time motion to strike. (See Doc. No. 131).

omitted). A court should not strike a defense as "legally insufficient" if the defense is either sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear. *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir.1977) (internal quotations and citations omitted). Therefore, the Eighth Circuit Court of Appeals has been "reluctant to rule" on the sufficiency of a defense that presents either legal or factual uncertainty "without the benefit of a full record." *Id.* On the other hand, the court may properly strike a defense under Rule 12(f) as "legally insufficient," if it is foreclosed by prior controlling decisions or statutes. *See United States v. Dico, Inc.,* 266 F.3d 864, 879-80 (8th Cir.2001) (the district court properly struck a due process affirmative defense on the ground that it was foreclosed by a prior decision of the Eighth Circuit Court of Appeals and a subsequent decision of the United States Supreme Court had not undermined the appellate court's decision, as the defendant argued); *United States v. Winnebago Tribe of Nebraska,* 542 F.2d 1002, 1007 (8th Cir.1976) (a defense was "clearly insufficient" where it was contrary to provisions of the Flood Control Act of 1944).

In the Answer filed by Defendant in this case, the Eighth Defense asserts that "Plaintiffs have failed to reasonably mitigate their claimed damages, their entitlement to which is expressly denied." Plaintiffs contend this defense should be stricken from Defendant's Answer because they are seeking equitable relief and not damages in this case. Plaintiffs argue the interjection of a legal defense such as mitigation of damages into a case seeking only equitable restitution is improper. Plaintiffs ask this Court to find Defendant's Eighth Defense legally insufficient and to strike the defense as a matter of law.

Pursuant to the principles set forth above, the Court finds there is considerable uncertainty regarding the legal sufficiency of Defendant's Eighth Defense in this case, and can identify no clear basis for Plaintiffs' contention that Defendant's Eighth Defense is legally insufficient. Plaintiffs' Complaint alleges violations of

3

49 U.S.C. § 14103, a statute governing the loading and unloading of motor vehicles transporting property in interstate commerce. During oral argument, both parties acknowledged a lack of case law specifically addressing the question of whether or not mitigation of damages is a permissible defense to private claims brought under 49 U.S.C. § 14103. The Court has identified no such cases on its own, and finds only silence in the text of the statute regarding this question. Existing law is plainly silent regarding the legal sufficiency of the Eighth Defense asserted by Supervalu.

The Court's consideration of the legal insufficiency of Defendant's Eighth Defense is also informed by recent rulings by the Eighth Circuit Court of Appeals and the Minnesota Supreme Court that provide varying legal characterizations of monetary damages in an equitable setting. In the context of a federal discrimination case, the Eighth Circuit Court of Appeals considered mitigation of damages as an element in cases involving equitable monetary relief. *See Mathieu v. Gopher News Co.*, 273 F.3d 769, 781-82 (8th Cir. 2001). In *Mathieu*, the Eighth Circuit determined "front pay" is an equitable remedy, not a form of actual damages, and noted that calculation of this equitable remedy required consideration of "possible mitigation by reason of other employment." Thus, under *Matheiu*, consideration of a plaintiff's mitigation of damages in the context of an equitable remedy for a violation of federal discrimination laws is permissible.

On the other hand, the Minnesota Supreme Court characterized front pay differently in a case involving allegations of discrimination under the Minnesota Human Rights Act ("MHRA") and the question of whether the award of front pay is an equitable remedy or actual damages for the purposes of applying damages multipliers under the MHRA. *See Ray v. Miller Meester Adver., Inc.*, 684 N.W.2d 404, 406 (Minn. 2004). In *Ray*, the Minnesota Supreme Court concluded front pay is a "form of actual damages"

subject to multiplication under Minnesota law, and is not a substitute for the equitable remedy of reinstatement that would be exempt from multiplication under the MHRA. In so finding, the Minnesota Supreme Court indicated that it declined to follow the Eighth Circuit Court of Appeals's interpretation of Minnesota law in *Matheiu* because the *Matheiu* Court's analysis "is almost wholly based on federal law under Title VII." *Id* at 409 n.6.

While the precedential value of both *Matheiu* and *Ray* is limited due to the fact that each case concerns a statute not at issue in the instant case, the variations in the two courts' legal characterizations of monetary damages in an equitable setting further illustrate the absence of controlling decisions or statutes foreclosing the assertion of a defense of mitigation of damages in a case seeking only equitable remedies. Moreover, the Court is mindful of Defendant's pending challenge to the availability of an equitable restitution remedy under 49 U.S.C. § 14103 for Plaintiffs in this case; a question that further deepens the uncertainty of the legal sufficiency of Defendant's mitigation of damages defense as claimed by Plaintiffs. In the end, the Court is most persuaded by the absence of controlling decisions or statutes foreclosing Defendant's Eighth Defense, and concludes it would be improper to strike the defense under Rule 12(f) on the basis of legal insufficiency. *See Dico, Inc.,* 266 F.3d at 880; *Graff v. Prime Retail, Inc.*, 172 F.Supp.2d 721, 731 (D.Md. 2001) (holding that when disputed questions of law or fact exists as to the challenged defense after a Court's consideration of a motion to strike, the motion to strike must be denied).

### III.   Recommendation

Based upon the forgoing, and having considered the parties' oral arguments, written memoranda, affidavits and exhibits, and the entire file and record herein, **IT IS HEREBY RECOMMENDED** that Plaintiffs' Motion to Strike Defendant's Eighth Defense (Doc. No. 19) be **DENIED**.

Dated: February 16, 2007                           s/Jeanne J. Graham

                                                   _____
                                                   JEANNE J. GRAHAM
                                                   United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by March 12, 2007. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.